Robert D. COOPER, Plaintiff–Appellee,

v.

TOWN OF EAST HAMPTON, East Hampton Town Board, Supervisor Stanton Barbour Bullock (a/k/a Tony Bullock), individually and in his official capacity as Town Supervisor, Councilperson Nancy H. McCaffrey, individually and in her official capacity as a member of the Town Board, and Councilperson Catherine Lester, individually and in her official capacity as a. member of the Town Board, Defendants–Appellants.

No. 96–7120.

United States Court of Appeals, Second Circuit.

Argued Feb. 20, 1996.

Decided April 22, 1996.

Patricia Weiss, Sag Harbor, NY, argued for plaintiff-appellee.

Vincent R. Fontana, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, argued for defendants-appellants.

Before: NEWMAN, Chief Judge, KEARSE, Circuit Judge, and WEXLER,* District Judge.

---

* Honorable Leonard D. Wexler, of the United States District Court for the Eastern District of New York, sitting by designation.

**JON O. NEWMAN, Chief Judge:**

This cross-motion to dismiss for lack of a timely notice of appeal presents the narrow issue of whether the separate document requirement of Rule 58 of the Federal Rules of Civil Procedure applies to an order directing the entry of judgment under Rule 54(b). The issue appears not to have previously arisen. The matter comes to us in connection with a motion by defendants-appellants Town of East Hampton (the "Town"), East Hampton Town Board (the "Board"), and other individual members of the Board for a stay pending appeal of the February 9, 1996, judgment of the United States District Court for the Eastern District of New York (John Gleeson, Judge). Plaintiff-appellee Robert Cooper cross-moves to dismiss defendants' appeal for lack of appellate jurisdiction. Because we conclude that Rule 58 is applicable to Rule 54(b) orders, we deny the cross-motion to dismiss the appeal. We also deny the appellants' motion for a stay.

### Background

Plaintiff Robert Cooper is one of five elected members of the Board. In late 1993, at an executive meeting of the Board, Cooper spoke on behalf of several citizens who had complained to him that the Town police seemed to be targeting "blacks and poor whites" for arrest and sometimes physical abuse. He requested that the Board appoint an independent investigator to look into these charges of police misconduct, but the Board declined to initiate an investigation.

Several weeks later, a local newspaper interviewed Cooper about the citizens' complaints and about his call for an independent investigation. A subsequent newspaper article quoted Cooper as criticizing the Town Police Chief, Thomas Scott. Scott sued Cooper for defamation in New York state court. That suit remains pending.

Cooper requested the Board to provide for his legal defense in the state court action, claiming that he was being sued for acts or omissions that occurred while he was acting

within the scope of his public employment. The Board refused to provide any legal representation or indemnification to Cooper, despite the opinion of the Town Attorney that, under East Hampton Town Code § 20–6, the Town was obliged to do so. Cooper subsequently retained his own attorney, Patricia Weiss.

Cooper filed a complaint in the Eastern District of New York, alleging, in addition to federal constitutional claims, a pendent claim that the Town and the Board were required to provide for his legal defense under local law. Thereafter, the District Court ordered the Town to begin placing attorney's fees in escrow for Cooper and his attorney. On a motion by Cooper for partial summary judgment on his claim for representation under local law, the District Court orally ruled on September 29, 1995, in favor of Cooper, granting him partial summary judgment against the Town and the Board.

On October 18, 1995, the District Court entered a written order (the "Declaratory Judgment Order"), which directed the entry of judgment, pursuant to Fed.R.Civ.P. 54(b), since a final decision had been rendered on at least one claim of at least one party and there was no just reason for delay. That order stated that the Town and the Board were required to reimburse Cooper for any defense costs incurred during the pending state court action. *See Cooper v. Town of East Hampton,* No. 94–CV–2446, 1995 WL 789296 (E.D.N.Y. Oct. 18, 1995). Under normal circumstances, the Clerk of the Court would have immediately entered a "judgment" on a separate document, pursuant to Fed.R.Civ.P. 58; however, in this case, for reasons not apparent from the record, nearly four months elapsed before a judgment (the "Partial Judgment") was entered on February 9, 1996.

Meanwhile, on January 26, 1996, the District Court orally issued a second order (the "Disbursement Order"), which directed the Town and the Board to disburse $50,000 from its escrow account to Cooper and his attorney by February 2, 1996. After the District Court refused to stay its Disbursement Order on February 1, 1996, defendants filed two notices of appeal seeking review in this Court of the Declaratory Judgment Order and the Disbursement Order. Defendants now move for a stay of both orders pending the adjudication of their appeals. Cooper cross-moves to dismiss both appeals for lack of appellate jurisdiction.

### Discussion

#### I. Cross–Motion to Dismiss

We first consider Cooper's cross-motion to dismiss both appeals. As to the appeal from the Declaratory Judgment Order, Cooper argues that this Court lacks appellate jurisdiction because defendants failed to file a timely notice of appeal. As to the appeal from the Disbursement Order, Cooper argues that this appeal is interlocutory and that the Disbursement Order is unappealable under either Rule 54(b) or 28 U.S.C. § 1292(b) (1994). We consider each appeal separately.

#### A. The Declaratory Judgment Order

Cooper argues that the Declaratory Judgment Order appeal is untimely because the Order was certified for appeal on October 18, 1995, and the notice of appeal was not filed until February 2, 1996, beyond the allowable period of thirty days. *See* Fed. R.App.P. 4(a)(1) (1995). Defendants respond that their notice of appeal was timely because the thirty-day clock did not begin to run until February 9, 1996, when the "Partial Judgment" was entered, embodied in a separate document pursuant to Rule 58.

Rule 58 states: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58 (1995). We have held that "[t]he time for appeal does not start running until this separate document is entered." *Kanematsu–Gosho, Ltd. v. M/T Messiniaki Aigli,* 805 F.2d 47, 48 (2d Cir.1986); *see RR Village Association, Inc. v. Denver Sewer Corp.,* 826 F.2d 1197, 1200–01 (2d Cir.1987); *see also Axel Johnson, Inc. v. Arthur Andersen & Co.,* 6 F.3d 78, 84 (2d Cir.1993). The reason for adhering to the formalism of the separate document requirement is to avoid confusion as to when the clock starts for the purpose of an appeal. Fed.R.Civ.P. 58 advi-

sory committee's note (1963 amendment); *see Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–85, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978); *United States v. Indrelunas*, 411 U.S. 216, 219–22, 93 S.Ct. 1562, 1563–65, 36 L.Ed.2d 202 (1973); *RR Village Association*, 826 F.2d at 1201; *Kanematsu–Gosho*, 805 F.2d at 48–49.

Cooper argues that the Declaratory Judgment Order of October 18, 1995, constitutes a Rule 58 "judgment" and that the thirty-day clock started on that date. In considering whether a document constitutes a Rule 58 judgment, however, we have consistently required that such a document must be "separate from any judicial memorandum or opinion" and "must be labeled a 'judgment.'" *Axel Johnson*, 6 F.3d at 84; *see Kanematsu–Gosho*, 805 F.2d at 49. These mechanistic requirements, while seemingly trivial, are necessary to the goal of promoting clarity. Litigants must be able to determine when a judgment is a judgment for the purpose of appeal, lest a party unknowingly lose its right to seek appellate review. *See* 6A James Wm. Moore *et al.*, Moore's Federal Practice ¶ 58.02.1[2] (2d ed. 1996).

In this case, the Declaratory Judgment Order is neither separate from any judicial opinion nor is it labeled a judgment. Rather, it appears in the form of a seven-page document, captioned "ORDER AND CERTIFICATION PURSUANT TO FED.R.CIV.P. 54(b)," which contains a recitation of the procedural background and a discussion of the reasons for the District Court's decision to "direct the entry of judgment." Thus, the Declaratory Judgment Order does not satisfy either of the requirements of a Rule 58 judgment. In contrast, the document filed February 9, 1996, is clearly labeled a "Partial Judgment," and it states, "[I]t is ORDERED and ADJUDGED that judgment is hereby entered for the plaintiff...." Since Defendants filed their notice of appeal within thirty days after the Partial Judgment was entered, their notice of appeal was timely, and this Court has appellate jurisdiction over the appeal from the Partial Judgment.[1] *See Bankers Trust*, 435 U.S. at 385, 98 S.Ct. at 1120 ("[A] party need not file a notice of appeal until a separate judgment has been filed and entered."); *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir.1987) ("A party safely may defer the appeal until Judgment Day if that is how long it takes to enter the document.").

Cooper points out that, under certain circumstances, this Court might have entertained an appeal from the Declaratory Judgment Order without awaiting entry of a separate "judgment." *See Bankers Trust*, 435 U.S. at 386–88, 98 S.Ct. at 1121 (Rule 58 requirements may be waived). However, the fact that the Rule 58 requirement may be waived for the benefit of an appellant does not mean that the Declaratory Judgment Order is somehow transformed into a Rule 58 judgment to these appellants' disadvantage.

Cooper also directs our attention to the first sentence of Rule 58, which begins, "Subject to the provisions of Rule 54(b)...." Fed.R.Civ.P. 58.[2] This introductory phrase, Cooper contends, means that the separate document requirement of Rule 58 is not applicable to partial judgments under Rule 54(b). We conclude, however, that a common-sense reading of the text, combined with an understanding of the purposes underlying Rule 58, defeats Cooper's argument.

---

1. It is inconsequential that defendants filed their notice of appeal on February 2, 1996, one week *before* the Partial Judgment was entered. Rule 4(a)(2) of the Federal Rules of Appellate Procedure provides that "[a] notice of appeal filed ... before the entry of the judgment or order is treated as filed on the date of and after the entry." Fed.R.App.P. 4(a)(2) (1995); *see Sanko Steamship Co. v. Galin*, 835 F.2d 51, 53 (2d Cir.1987).

2. The first sentence of Rule 58 states:
   Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it.
   Fed.R.Civ.P. 58.

As a textual matter, there is no reason to read the introductory phrase of Rule 58 as applicable to the entirety of the rule, rather than just to the rule's first sentence. Moreover, the substance of the first sentence makes clear why the drafters thought it necessary to make only that sentence subject to Rule 54(b). The sentence sets forth the roles of the clerk and the judge in situations where (1) a jury has rendered a general verdict or a judge has determined that a party shall recover a sum certain or be denied all relief, or (2) a judge has ordered some other relief or a jury has rendered a special verdict or a general verdict accompanied by answers to interrogatories. In the former set of circumstances, the clerk is to prepare and enter the judgment "without awaiting any direction by the court." In the latter set of circumstances, the judge is to approve the form of judgment, after which the clerk is to enter the judgment. Since Rule 54(b) contemplates a partial judgment that might well provide for the relief described in the first set of circumstances, but permits such a judgment only where a judge so directs, it was obviously necessary to exclude Rule 54(b) judgments from Rule 58's provision that, in that first set of circumstances, the clerk should enter judgment without awaiting the court's direction.

However, there is no good reason for reading the introductory phrase of Rule 58's first sentence to apply to the entirety of the rule, and there is a sound reason not to do so. Reading the phrase to apply to the entire rule would run contrary to the principal purpose of Rule 58, which is to eliminate uncertainty as to when a judgment is a judgment and when the time for appeal begins. Exempting Rule 54(b) judgments from the balance of Rule 58 and specifically from the separate document requirement would reintroduce, as to decisions available for entry of judgment under Rule 54(b), the very confusion that existed before the separate document requirement was adopted.

We believe that the better reading of Rule 58 is that its separate document requirement applies to *all* judgments, including partial judgments certified under Rule 54(b). This appears to be the position taken by the leading treatises. *See* 6A James Wm. Moore *et al.*, Moore's Federal Practice ¶¶ 58.02.1[1] (2d ed. 1996); 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 2783–84 (2d ed. 1995).

Cooper also attempts to draw support from Rule 54(a), which states: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." If Rule 54(a) said "as used in this rule" instead of "as used in these rules," the argument would give us pause. But since the provision applies to "these rules," it cannot sensibly be read to override Rule 58's separate document requirement. For example, under Cooper's reading of Rule 54(a), the issuance of an "order" for a preliminary injunction, appealable under 28 U.S.C. § 1292(a)(1), would start the clock for an appeal, whether that "order" was an oral pronouncement from the bench, a written granting of a motion for an injunction, or a formal Rule 58 judgment entered as a separate document. *See Beukema's Petroleum Co. v. Admiral Petroleum Co.*, 613 F.2d 626, 627 (6th Cir.1979) (preliminary injunction order does not start time for appeal until entry of judgment complying with Rule 58). The pre-Rule 58 confusion as to when a judgment is a judgment would be replaced with new confusion as to when a prejudgment order is a judgment. Rule 54(a) simply means that all of the provisions in the Civil Rules that apply to judgments also apply to decrees and appealable orders. But it does not exempt those decrees or orders from such provisions.[3]

### B. The Disbursement Order

■ We agree with Cooper that the Disbursement Order dated January 26, 1996, is interlocutory in nature and unappealable under either Rule 54(b) or 28 U.S.C. § 1292(b)

---

**3.** As the facts of this case indicate, the context of the foregoing discussion concerns rulings made before the entry of a final judgment. We express no views as to the application of the separate document requirement of Rule 58 to post-judgment rulings. *Compare Wikoff v. Vanderveld*, 897 F.2d 232 (7th Cir.1990) (separate document required for post-judgment ruling granting motion to amend judgment), *with Wright v. Preferred Research, Inc.*, 937 F.2d 1556 (11th Cir.1991) (separate document not required for post-judgment ruling granting motion to amend judgment), *cert. denied*, 502 U.S. 1049, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992).

(1994). The Disbursement Order was not certified for appeal under either provision. Therefore, we would ordinarily grant Cooper's cross-motion to dismiss the appeal. However, since we have ruled that we have appellate jurisdiction over the appeal from the Partial Judgment, and the two appeals are "inextricably intertwined," in this case, it might be proper to exercise pendent appellate jurisdiction. *See Swint v. Chambers County Commission,* —— U.S. ——, ——, 115 S.Ct. 1203, 1212, 131 L.Ed.2d 60 (1995); *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 482 (2d Cir.1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995). Whether discretion should be exercised to do so is a matter we believe is more appropriately to be determined by the panel that will consider the merits of the appeal.

## II. Motion to Stay

We now turn to defendants' motion to stay both the Declaratory Judgment Order and the Disbursement Order pending appeal. Defendants assert that a stay is necessary in this case because otherwise they will suffer irreparable injury by having to pay over $50,000 in attorney's fees to Cooper and Weiss. Defendants also claim that there is a substantial possibility that they will succeed on appeal.

■ In deciding whether to stay the actions of a district court, we consider four factors:

■ whether the movant will suffer irreparable injury absent a stay;

■ whether the opposing party will suffer substantial injury if a stay is granted;

■ whether the movant has shown a substantial possibility, although less than a likelihood, of success on appeal; and

■ the public interests that may be affected.

*See United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.,* 44 F.3d 1082, 1084 (2d Cir.1995).

■ Concerning the first factor, we think that defendants will not suffer irreparable injury if they are required to provide attorney's fees to Cooper and Weiss in the pending state court action. Defendants claim that, should they prevail on appeal and the Partial Judgment is reversed, they will be unable to recapture those fees from Cooper. In support, counsel for defendants attests that "Cooper has shown in his prior motion papers that he is impecunious." Although Cooper admits that he might not be able to repay defendants immediately for the attorney's fees, nonetheless, Cooper asserts that he could fully compensate defendants "after selling his modest house or on some sort of repayment schedule." Thus, it appears that, should defendants prevail on appeal, Cooper's assets will be sufficient to reimburse the attorney's fees, and defendants will suffer no irreparable injury.

In contrast, Cooper will suffer substantial harm if a stay is issued and defendants are not required to provide for his attorney's fees. Cooper is currently expending his own funds in order to maintain a legal defense in state court. As counsel for Cooper attests, "Financing the costs of court-ordered depositions and three appeals has been extremely difficult for Cooper...." Defendants do not dispute that Cooper will suffer even greater financial hardship if a stay is issued. Thus, the equities weigh heavily in favor of denying a stay.

Even if we assume that defendants can show a substantial possibility of success on appeal, this factor does not override the balance of hardships outlined above. Lastly, we note that there is an important public interest to be served in ensuring the effective representation of civil litigants in Cooper's circumstances. This interest is especially significant in cases involving a defendant who has claimed the protection of the First Amendment to speak on a matter of public concern. Having considered all of the relevant factors, we conclude that a stay pending appeal is not warranted.

## Conclusion

Defendants' motion for a stay pending appeal is denied. Cooper's cross-motion to dismiss the appeal from the Partial Judgment is denied, and his motion to dismiss the appeal

from the Disbursement Order is referred to the merits panel.