203 B.R. 182 (1996)
In re COUNTRY SQUIRE ASSOCIATES OF CARLE PLACE, L.P., Debtor.
COUNTRY SQUIRE ASSOCIATES OF CARLE PLACE, L.P., Appellant,
v.
ROCHESTER COMMUNITY SAVINGS BANK, Appellee.
BAP No. 96-50028, Bankruptcy No. 94-14377.
United States Bankruptcy Appellate Panel, Second Circuit.
November 25, 1996.
SHIFF, CONRAD and NINFO, Judges of the Second Circuit Bankruptcy Appellate Panel.

MEMORANDUM AND ORDER ON EMERGENCY MOTION FOR STAY PENDING APPEAL
ALAN H.W. SHIFF, Bankruptcy Appellate Panel Judge.
The appellant, Country Squire Associates of Carle Place, L.P. ("Country Squire") has filed the instant emergency motion to stay a foreclosure sale pending appeal of the September 3, 1996 order of the Bankruptcy Court for the Northern District of New York which granted a motion for relief from the automatic stay filed by the appellee, Rochester Community Savings Bank ("RCSB"), (the "Order"). See Rules 8005 and 8011 F.R.Bankr.P. For the reasons that follow, the motion is granted.

BACKGROUND
The underlying controversy involves Country Squire's ground lease on property encumbered by a mortgage held by RCSB, which secures a promissory note on which Country Squire is obligated. Country Squire defaulted on or about May 1, 1994, and on August 24, 1994, RCSB commenced a foreclosure action in New York Supreme Court, Albany County. That action was stayed on December *183 1, 1994 when Country Squire filed a chapter 11 petition.
On June 12, 1996, RCSB filed a second motion for relief from the automatic stay so that it could continue its foreclosure action. The bankruptcy court adjourned the hearing on that motion to September 16, 1996. Country Squire's motion for a determination of the value of RCSB's claim, see § 506(a), and a hearing on its fourth amended plan (the "Plan") was also scheduled for that date. The Plan, which was filed on July 15, 1996, classified RCSB's claim as secured and proposed to pay it in full over a period of 120 months. The Order entered without a hearing on September 3, 1996.
On September 13, 1996, Country Squire filed a motion for reconsideration, which was denied on October 4, 1996. On November 7, 1996, the bankruptcy court denied Country Squire's motion for a stay pending appeal. RCSB continued its foreclosure action in state court, and a judgement of foreclosure entered on October 21, 1996. The property is now scheduled to be sold at a public auction on November 26, 1996.

DISCUSSION
Rule 8005 F.R.Bankr.P. provides that "a motion for [a stay of the order of a bankruptcy judge] . . . may be made to the . . . bankruptcy appellate panel. . . ." In Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir.1993), the Court of Appeals established a four part test for determining whether to grant a motion for stay pending appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated `a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected."[1]
At the outset, it is noted that the standard developed in Hirschfeld was applied in the context of Rule 8(a) F.R.App.P. However, Rule 8005 is directly adapted from Rule 8(a), see F.R.Bank.P. 8005 advisory committee's note (1983). See also In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 297 (3d Cir.1989) (Rule 8005 is in part an adaption of Rule 8(a) and the "necessity of a stay under Rule 8005 has been analogized to the rationale of Rule 8(a)"); In re Family Showtime Theatres, Inc., 67 B.R. 542, 552 (Bankr.E.D.N.Y.1986) ("Bankruptcy Rule 8005 tracks the general language of Rule 8 of the Federal Rules of Appellate Procedure").
Irreparable Injury to Movant Absent a Stay
It is apparent that absent a stay pending appeal, the foreclosure sale will proceed and the appeal will be rendered moot. Obviously, that result would be the "quintessential form of prejudice" to Country Squire, see In re Advanced Mining Systems, Inc., supra note 1, 173 B.R. at 469. See also In re St. Johnsbury Trucking Co. Inc., 185 B.R. 687, 690 (S.D.N.Y.1995).
Substantial Injury to Party if Stay is Granted
RCSB's claim that it would suffer substantial injury appears to be premised on the fact that this is a two year old single asset case, and it should not be delayed further. On the other hand, Country Squire's papers note that after the commencement of the chapter 11 case, it improved the value of the property by securing a subtenant which will pay for a ground lease on a portion of the premises. Country Squire also notes that it made post petition payments to RCSB.
*184 RCSB might suffer some injury if a stay is granted. In measuring whether any such injury would be "substantial," it is appropriate to compare it with the irreparable harm Country Squire will suffer if the foreclosure sale is not stayed. Moreover, whether a delayed foreclosure sale would result in a lower net recovery is pure speculation. It is also noted that RCSB did not request a supersedeas bond.
Substantial Possibility of Success on Appeal
The Hirschfeld test requires that the movant demonstrate a "substantial possibility" of success on appeal. Although those words have not been specifically defined in this circuit, see Nostas Associates v. Costich (In re Klein Sleep Products, Inc.), No. 93 CIV 7599, 1994 WL 652459, at *1 (S.D.N.Y. Nov. 18, 1994), it is noted that Hirschfeld chose to eliminate the more onerous requirement of "likelihood of success on appeal." Hirschfeld, supra, 984 F.2d at 39. The result is that the movant must show that there is more than a mere possibility of a successful appeal. Hirschfeld prescribes an intermediate level between possible and probable which is intended to eliminate frivolous appeals.
Country Squire's instant motion contends that the bankruptcy court erred in entering the Order without a hearing. It argues that the determination that the property lacked equity was made without the benefit of an evidentiary hearing, which relieved RCSB of that statutory burden, and was therefore "clearly erroneous and not supported by any substantial evidence." Emergency Motion at ¶ 57. Country Squire further argues that the finding that RCSB controlled the unsecured creditor class was also clearly erroneous. Id.
The entry of the Order without an evidentiary hearing, which preempted the confirmation process and the opportunity for Country Squire to appeal from any adverse findings related to valuation and classification issues, provides a basis for us to conclude that this appeal is not frivolous and that there is a substantial possibility of success on the merits.
Affected Public Interests
The Supreme Court has stated that . . . "bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization." Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 389, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). See also MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 93 (2d Cir.1988), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988). Acknowledging that goal and having concluded that this is not a frivolous appeal, no adverse public interest will be implicated by an order which stays the foreclosure sale.

ORDER
For the foregoing reasons, IT IS ORDERED THAT Country Squire's emergency motion for a stay pending appeal is granted.
NOTES
[1] There is a developing line of caselaw in this circuit that has applied a similar but somewhat higher standard in analyzing motions for a stay pending appeal. See, e.g., In re 1567 Broadway Ownership Associates, 202 B.R. 549, 552 (S.D.N.Y.1996) ("a strong likelihood of success on the merits of the appeal"); In re Slater, 200 B.R. 491, 495 (E.D.N.Y.1996) ("the likelihood that the party seeking the stay will succeed on the merits of the appeal or a serious question going to the merits and a tipping of the equities in favor of the movant"); In re Crosswinds Associates, No. 96 CIV 4572, 1996 WL 350695, at *1 (S.D.N.Y. June 25, 1996); Green Point Bank v. Treston, 188 B.R. 9, 11 (S.D.N.Y.1995); Lutin v. Advanced Mining Systems, Inc. (In re Advanced Mining Systems, Inc.), 173 B.R. 467, 468 (S.D.N.Y.1994). Since, as observed, the Court of Appeals has defined the standard in Hirschfeld, we have applied it here, but we note that even if the higher standard were applicable, we would conclude that Country Squire has satisfied that test.