**In re Stephen A. CACIOLI, Debtor.**

**No. 98–31593 (ASD).**

United States Bankruptcy Court,
D. Connecticut.

Dec. 9, 2003.

**430**

Laurence P. Nadel, Laurence P. Nadel, P.C., New Haven, CT, for Debtor.

John J. Bracken, III, Law Office of John J. Bracken, III, Avon, CT, Stan R. Dombrowski, Dombroski, Knappsack & Hillis, New Haven, CT, Edward P. Jurkiewicz, Edward P. Jurkiewicz, LLC, Canton, CT, Patricia J. Melly, Gaide & Gilmore, LLC, Avon, CT, for Creditors.

## MEMORANDUM AND ORDER ON REQUEST FOR RELIEF PENDING APPEAL

ALBERT S. DABROWSKI, Chief Judge.

The present contested matter was initiated on October 22, 2003, by D.A.N. Joint Venture, a Limited Partnership, Cadlerock Joint Venture, L.P., and the Cadle Co. (hereafter, collectively, "Cadle") through the filing of the above-captioned *Motion for Order Pursuant to Bankruptcy Rule 8005* (hereafter, the "Stay Motion"), Doc. I.D. No. 50. The Stay Motion seeks, *inter alia,* to prevent the issuance of a discharge order in favor of the Debtor pending full appellate resolution of an adversary proceeding commenced by Cadle against the Debtor under Bankruptcy Code Section 727(a).

On December 6, 2002, this Court entered Judgment (hereafter, the "Judgment") in favor of the Debtor–Defendant in Adversary Proceeding No. 98–3239, in which Cadle, as Plaintiff, had sought a denial of the general discharge of the Debtor. On January 6, 2003, Cadle filed a Notice of Appeal with respect to the Judgment. The appeal initiated by that pleading is presently pending in the United States District Court for the District of Connecticut, Docket No. 3:03CV–220 (CFD). To date, the Clerk has not entered an order discharging the Debtor of debts pursuant to Section 727(a).[1]

■ The specific relief prayed for in the Stay Motion is an order from this Court "staying the entry of a discharge order . . . pending disposition of the Appeal, and/or modifying any discharge order which has or may hereafter enter to provide that such discharge order is subject to all or-

---

1. When a plaintiff in a Section 727(a) action appeals a judgment in favor of a debtor, the Clerk's current practice, in each seat of this

Court, is to enter a discharge order in due course unless the appellant seeks and obtains a stay of that entry pending appeal.

ders, including reversal, revocation, or modification entered in subsequent proceedings as a result of the Appeal." Although the *declaratory* aspect of Cadle's prayer appears superfluous,[2] the Court determines that its request for *mandatory* relief, in the form of an appellate stay pursuant to Bankruptcy Rules 7062 and 8005, is appropriate under the circumstances of this case.

■ The propriety of a stay pending appeal is informed by a multi-factored analysis distilled by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). *See Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir.1998). Under that analysis, the following factors must be considered:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*[3]

1. *Likelihood of Appellate Success.* The Court recognizes the inherent conflict of a rendering court determining the probability that its own judgment will or will not be reversed on appeal. Nonetheless the development of a ruling in this adversary proceeding was an extremely fact-intensive, and fact-dependent exercise. As a result, the Judgment and its supporting findings of facts will be accorded great deference by an appellate court. For that reason, as well as a strong sense of confidence in its assessment of the record and the law, the Court concludes that Cadle has not made a "strong showing" or "demonstrated a substantial possibility, although less than a likelihood" that it "will succeed on the merits" of its pending appeal.

2. *Irreparable Injury Absent a Stay.* Cadle's request for stay relief, at least in part, is apparently made to preempt any argument by the Debtor that the entry of a discharge order will moot the pending appeal. Cadle's concern in this regard is not immediately apparent to the Court. However, there is another aspect of potentially irreparable injury at play under the present circumstances. Injury could occur if a discharge order enabled the Debtor to obtain fresh credit which would not otherwise have been available to him in the absence of a discharge (hereafter, "Post–Discharge Debt"). The presence of Post–Discharge Debt prejudices Cadle if the Judgment is reversed, since it would then

**2.** The Court knows of no legal principle that would disable an appellate court from vacating a discharge order, and/or according other necessary relief, in the event it determines to reverse the Judgment. Thus the *declaratory* aspect of the requested relief appears superfluous since it simply articulates the inherent power of an appellate court. Nothing is added to that power by a declaratory order of this Court.

**3.** The Court is aware that a number of panels in the United States Court of Appeals for the Second Circuit, and subordinate Courts therein, have applied a modified, and *arguably* lower, standard (hereafter "the *Hirschfeld* Standard") in analyzing motions for stay relief pending appeal. *See, e.g., Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir. 1996); *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994); *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993); *In re Country Squire Assoc. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. BAP 1996) ("(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, *(3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal,* and (4) the public interests that may be affected." (emphasis added)).

be competing in its collection efforts with a larger universe of creditors than if a discharge order had not entered. The *degree* of this prejudice is dependent on numerous factors, including, *inter alia*, the amount of the Post–Discharge Debt.

3. *Injury to the Debtor.* The issuance of the stay would not inflict substantial, if any, injury upon the Debtor. A discharge order is of practical significance to a debtor in two primary ways: (i) as a permanent injunction against collection of certain pre-petition debt, and therefore (ii) as a certification of a "clean" credit slate for purposes of future borrowing. As to the first aspect, the timing of the entry of a discharge order is immaterial because until the appeal is resolved, and the underlying bankruptcy case is closed, the Debtor is protected from the collection efforts of creditors by what is, in essence, a *preliminary* discharge injunction, namely the automatic stay of Code Section 362(a). *See* 11 U.S.C. § 362(e). The second benefit of a discharge order—its utility as a credit-inducer—is illicit, for the reasons highlighted in ¶¶ 2 and 4 of this Memorandum Order, within the period of the pendency of an appeal of a judgment overruling a discharge objection.

4. *Public Interest.* In the present case consideration of the public's interest entails an analysis of the impact of a stay on those entities who might extend post-discharge credit to the Debtor on the strength of a discharge order (hereafter, "Future Creditors"). The entry of a discharge order can prejudice these Future Creditors if the Judgment is reversed, since they would then be forced to compete for collection with a universe of creditors which a discharge order had led them to believe no longer existed. In any given case the prejudice to Future Creditors is speculative, but potentially significant.

5. *Synthesis.* In the present case the first *Hilton* factor clearly weighs against a stay of the entry of the discharge order. The second factor favors the entry of a stay. The third factor provides no argument against a stay. The most salient factor in the present calculus, however, is the public interest—specifically, the interests of Future Creditors—the yet unknown universe of potential creditors of the Debtor who may rely, to their detriment, on the premature entry of a discharge order. The rights of these entities is of particular concern to the Court since they, by definition, are not formally represented in proceedings and matters of this nature. The potential injury to Future Creditors could be enormous and incapable of remedy. Therefore, in light of the foregoing,

**IT IS HEREBY ORDERED** that the entry of a discharge order in this bankruptcy case is **STAYED** unless and until the pending appeal of the Judgment in Adversary Proceeding No. 98–3239 is fully and finally resolved in favor of the Debtor.