17-2423-cv
*Gustavia Home, LLC v. Rice*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

Gustavia Home, LLC,

*Plaintiff-Appellee*,

v.                                                                                     No. 17-2423-cv

Jamie Rice, AKA Jamie D. Rice,

*Defendant-Appellant*,

New York Environmental Control Board,
John Doe, 1 through 12,

*Defendants*.

_____

FOR DEFENDANT-APPELLANT:          Jamie Rice, *pro se*, Brooklyn, NY.

FOR PLAINTIFF-APPELLEE:            Alan H. Weinreb, The Margolin & Weinreb
                                   Law Group, LLP, Syosset, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant, Jamie Rice, proceeding *pro se*, appeals the district court's denial of (1) her Federal Rule of Civil Procedure 60(b) motion to reconsider and vacate the entry of judgment of foreclosure and sale of her Queens property based on newly discovered evidence and fraud, and (2) her motion to stay the sale. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, we observe that the only order that can be challenged on this appeal is the district court's denial of Appellant's motion for reconsideration, which was filed after her appeal from the judgment of foreclosure and sale had been defaulted and dismissed because Appellant failed to file a form required of *pro se* appellants. *See* 2d Cir. 16-4211 (2d Cir. Feb 28, 2017). Appellant never moved to reinstate that appeal.

Furthermore, Appellant's appeal from the denial of her motion to stay the foreclosure sale is moot because the sale has already taken place. *See ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (a claim becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party" (internal quotation marks omitted)); *Am. Sterilizer Co. v. Brown*, 378 F.2d 237, 239–40 (2d Cir. 1967) (in dispute concerning rights to equipment under a conditional sales contract, where a marshal's sale of equipment took place subsequent to argument of the appeal, the appellant's request for a stay of the sale was moot, though not the dispute about the respective rights of the parties in the equipment); *see also In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (B.A.P.

2

2d Cir. 1996) ("[A]bsent a stay pending appeal, the foreclosure sale will proceed and the appeal will be rendered moot.").

An appeal from an order denying a motion for reconsideration brings up for review only the denial of the motion and not the merits of the underlying judgment. *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991). A motion for reconsideration "is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing Rule 59(e) motion). To prevail on a reconsideration motion based on newly discovered evidence, a movant must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

This Court reviews the district court's denial of a motion for reconsideration under Rule 60(b) for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). An abuse of discretion occurs when the court's decision rests on an error of law or a clearly erroneous factual finding, *id.*, or when the court overlooks controlling decisions or matters "that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

In her motion for reconsideration, Appellant argued that (1) the original mortgagee was never registered to do business in New York; (2) Appellee failed to submit a Mortgage Electronic Registration Systems ("MERS") board resolution demonstrating that the person executing the

3

assignment of the original mortgage had the authority to execute documents on behalf of MERS; and (3) there was no evidence that Appellee took physical delivery of the note and mortgage before it filed this foreclosure action. Appellant did not demonstrate, however, why any of these facts could not have been discovered by the time the summary judgment motion was decided.

In granting summary judgment in Appellee's favor, moreover, the district court had considered and rejected Appellant's argument that Appellee was not the current holder of the note and mortgage, concluding that a mortgage loan may pass by written assignment, as was the case here. In addition, Appellant had admitted in her answer to the amended complaint that Appellee was in physical possession of, and was the owner and holder of, the note and mortgage. Also, in support of summary judgment, Appellee had argued that the loan was not a MERS loan because MERS was neither an assignee nor beneficiary of the mortgage. In opposing summary judgment, Appellant never submitted anything to refute that argument. As to the original mortgagee not being registered to do business in New York, Appellant does not explain why that would affect Appellee's authority, as the assignee and current holder of the mortgage, to bring a foreclosure proceeding against her.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4