103 F.3d 524
 IDS LIFE INSURANCE CO., Plaintiff-Appellee, Cross-Appellant,
and
American Express Financial Advisors, Inc., Plaintiff-Appellee,
v.
SUNAMERICA, INC., and Sun Life Insurance Co. of America,
Defendants-Appellants,
and
Royal Alliance Associates, Inc., and Sunamerica Securities,
Inc., Defendants-Appellants, Cross-Appellees.
 Nos. 96-2314, 96-2871.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 28, 1996.
Decided Dec. 18, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 18, 1997.
 
 Gary M. Elden, argued, Gregory C. Jones, Eric D. Brandfonbrener, Margaret E. Rice, Patrick T. Nash, Grippo & Elden, Chicago, IL, for IDS Life Ins. Co., American Express Financial Advisors, Incorporated in No. 96-2314.
 Ronald P. Kane, Chicago, IL, Thomas M. Campbell, argued, Pace Klein, Smith, Campbell & Paduano, New York City, Steven P. Gomberg, Gomberg, Kane & Fischer, Chicago, IL, for SunAmerica, Incorporated, Royal Alliance Associates, Incorporated, SunAmerica Securities, Incorporated, Sun Life Insurance Company of America in Nos. 96-2314 and 96-2871.
 Gary M. Elden, argued, Gregory C. Jones, Eric D. Brandfonbrener, Margaret E. Rice, Patrick T. Nash, Grippo & Elden, Chicago, IL, for IDS Life Insurance Company in No. 96-2871.
 Before POSNER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 The plaintiffs, claiming that the defendants have been "raiding" their employees in violation of a host of federal and state laws, brought these two consolidated suits in February of 1995, seeking damages and injunctive relief. The plaintiffs are subsidiaries of American Express. Although one is also an insurance company, both are engaged in the securities business and are members of the National Association of Securities Dealers. The defendants are four affiliated corporations (one an insurance company) that compete with the plaintiffs. Two of the four, Royal Alliance and SunAmerica Securities, are, like the plaintiffs, members of the NASD.
 
 
 2
 Simultaneous with the filing of their complaints, the plaintiffs moved for a preliminary injunction to prevent what they contended would be a massive raid by the defendants scheduled for March 1. The judge issued a temporary restraining order, but it expired by its terms on March 10 and the judge refused to extend it. The defendants moved for a stay of the district court proceedings pending arbitration of the parties' dispute. While this motion was pending, the parties engaged in pretrial discovery in the district court with respect to the plaintiffs' motion for a preliminary injunction. A year passed before the district judge ruled, in April 1996, that the plaintiffs' claims against the two defendants that are members of the NASD are within the scope of a provision of the rules of that association that provides for arbitration of certain disputes among members, but that the plaintiffs' claims against the other two defendants are not; the judge rejected the defendants' argument that common ownership made the nonmember defendants "associated persons" within the meaning of the rules. He also ruled that the preliminary injunction proceeding would go forward on all claims. When the appeal was argued to us in October 1996, six months had passed since the judge had made these rulings and he had not yet decided whether to grant a preliminary injunction, even though the plaintiffs claim that they have already lost $10 million as a result of the defendants' raids and the hearing on the motion for a preliminary injunction had long been completed.
 
 
 3
 The defendants appeal from the denial of their motion for a stay of the proceedings in the district court pending arbitration. An order denying a motion for a stay pending arbitration is expressly made appealable by the Federal Arbitration Act. 9 U.S.C. § 16(a)(1)(A). But can all four defendants appeal, or just the two defendants who the judge held are not entitled to arbitrate their dispute with the plaintiffs? Have not the other two (the NASD members) gotten what they wanted--a stay pending arbitration? Actually, it is not altogether certain that the judge either denied the stay to the first pair of defendants (the nonmembers) or granted it to the second pair. Remember that the judge has ruled that the proceedings on the plaintiffs' motion for a preliminary injunction shall go forward on all claims against all defendants. Those proceedings are, so far as appears, the only proceedings in the district court in this litigation, so that it is arguable that the motion for a stay has not been ruled on, that at most the judge has indicated an intention, no doubt revisable as the case evolves, to stay further proceedings after he grants or denies the preliminary injunction--and an intention is not an appealable order. The judge invited the defendants that are not members of the NASD to renew their motion for a stay after the preliminary injunction hearing. Maybe the judge's intent was not to deny the stay to the nonmembers but merely to defer consideration of the motion till after the hearing, which was imminent.
 
 
 4
 But could not deferral be thought the equivalent of denial? The line between the denial of a motion and deferral of action on it is indeed a hazy one. On the one hand, when someone asks for something and is refused, the effect is that of denial, and a party's right to appeal a denial of relief must not be nullified by judicial inaction. On the other hand, a party cannot automatically treat as a denial, and appeal as if it were an outright denial, the inevitable delay in granting relief that is caused by the need to consider the party's request in an orderly fashion. Delay that is utterly unjustified and is causing irreparable harm is, it is true, a ground for mandamus. Hirsch v. Burke, 40 F.3d 900, 905-06 (7th Cir.1994); Johnson v. Rogers, 917 F.2d 1283 (10th Cir.1990). But mandamus is not appeal. The interesting question is at what point delay becomes constructive denial, activating whatever right to appeal from a denial the requester may have without his having to satisfy the twin conditions for mandamus--a clear right, in this case a clear right to a ruling, and irreparable harm from the denial of that clear right. In re Barnett, 97 F.3d 181 (7th Cir.1996); In re Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1295 (7th Cir.1995).
 
 
 5
 A showing of unjustifiable delay coupled with irreparable injury if an immediate appeal is not allowed is enough to make a constructive denial appealable, if a formal denial would be. Middleby Corp. v. Hussmann Corp., 962 F.2d 614, 616 (7th Cir.1992); Americans United for Separation of Church & State v. City of Grand Rapids, 922 F.2d 303, 306 (6th Cir.1990); Houseton v. Nimmo, 670 F.2d 1375, 1378 (9th Cir.1982). Maybe a showing of delay at once inordinate and unjustified, Public Citizen Health Research Group v. Commissioner, Food & Drug Administration, 740 F.2d 21, 32 (D.C.Cir.1984)--the kind of thing that would excuse a person challenging administrative action from having to exhaust his administrative remedies, e.g., McCarthy v. Madigan, 503 U.S. 140, 147, 112 S.Ct. 1081, 1087-88, 117 L.Ed.2d 291 (1992); Glisson v. U.S. Forest Service, 55 F.3d 1325, 1327 (7th Cir.1995), or an applicant for federal habeas corpus from having to exhaust his state remedies, see, e.g., Burris v. Parke, 95 F.3d 465, 468 (7th Cir.1996) (en banc); Burris v. Farley, 51 F.3d 655, 658 (7th Cir.1995); Harris v. Champion, 938 F.2d 1062, 1064-65 (10th Cir.1991)--is also enough. Otherwise the lower court or agency would have the judicial or administrative equivalent of a pocket veto.
 
 
 6
 But where, as in this case, the judicial decision poised between appealable denial and legitimate deferral is embodied in an order, it is better to disambiguate the order by interpretation than to fret over the meaning of constructive denial. Although Judge Andersen may have intended to grant the motion for a stay at some time in the future that apparently has not yet arrived, what he said was that the motion was granted in part and denied in part, and the most natural interpretation is that it was granted as to the NASD-member defendants and denied as to the nonmember defendants.
 
 
 7
 It is true that a conventional aid to the interpretation of a contract, and one equally helpful to the interpretation of other documents, including a judicial order, is the behavior of the author or authors. Sethness-Greenleaf, Inc. v. Green River Corp., 65 F.3d 64, 67 (7th Cir.1995); Nolte v. Hudson Navigation Co., 16 F.2d 182, 184 (2d Cir.1926)(L.Hand, J.); Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1353-54 (1st Cir.1991) (separate opinion). If they behave as if an order meant X, X becomes a reasonable interpretation of the order. On this basis it can be argued, though not persuasively, that the judge has treated his order of April 25, 1996, as if it refused to stay the suits against the defendants, period. Discovery relating to the motion for a preliminary injunction continued; the preliminary injunction hearing has come and gone.
 
 
 8
 But proceedings incident to the motion for a preliminary injunction actually tell us nothing about whether the judge thought he had granted a stay for arbitration. The Federal Arbitration Act has been interpreted to allow preliminary injunction proceedings to go forward, even while all other judicial proceedings have been stayed pending arbitration, in order to preserve the status quo and prevent irreparable harm, Gateway Eastern Ry. v. Terminal Railroad Ass'n, 35 F.3d 1134, 1141 (7th Cir.1994); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 215 (7th Cir.1993); Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1377-80 (6th Cir.1995); but cf. Peabody Coalsales Co. v. Tampa Electric Co., 36 F.3d 46, 47 (8th Cir.1994). (This is provided that such relief is not excluded by the parties' arbitration agreement. Kowalski v. Chicago Tribune Co., 854 F.2d 168, 173 (7th Cir.1988). It was not here.) True, these cases, with the exception of Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York, Inc., 749 F.2d 124, 125 (2d Cir.1984) (per curiam), are cases in which the party seeking arbitration got the injunction, in order to prevent arbitration from being rendered futile by conduct of the other party, the injunction to last just long enough to allow a request for injunctive relief to be referred to the arbitral tribunal. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, supra, 999 F.2d at 215. Here the injunction was sought by parties resisting arbitration. But the principle is the same. The issuance of a stay pending arbitration should not deprive a litigant of the right to seek such protection as he may need against irreparable injury before he can--if he can--request such relief from the arbitral panel. So the fact that the preliminary injunction proceedings are continuing in the district court is not inconsistent with the grant of a stay of all other proceedings in the district court, pending arbitration.
 
 
 9
 We conclude that the judge did stay the suits against the member defendants but denied a stay of the suits against the nonmember defendants; and it follows that the member defendants, having gotten the stay that they sought (for they are not challenging the failure to stay the preliminary injunction proceedings), lack standing to appeal and must be dismissed. But by the same token, the nonmember defendants, having been denied a stay pending arbitration, have a right to appeal under section 16.
 
 
 10
 One of the plaintiffs (the life insurance company) has cross-appealed, arguing that the judge erred in ruling that its dispute with the two member defendants is covered by the arbitration provision in the NASD's rules. It relies on an exception in the rules for disputes that arise out of the business of insurance, and argues from that exception that the district court proceedings on this plaintiff's claim against the member defendants should not have been stayed.
 
 
 11
 Although the arbitration act states that an order staying federal court proceedings pending arbitration, unlike one refusing such a stay, is not immediately appealable, § 16(b)(1), the insurance company asks us to assume jurisdiction over the cross-appeal under the doctrine of pendent appellate jurisdiction: nonappealable orders "inextricably intertwined" with appealable ones may be decided with the latter. In re Rimsat, Ltd., 98 F.3d 956, 964 (7th Cir.1996); United States for the Use of Valders Stone & Marble, Inc. v. C-Way Construction Co., 909 F.2d 259, 262 (7th Cir.1990); Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir.1996). As we noted in Rimsat, the continued validity and scope of the doctrine have been thrown into doubt by the Supreme Court's decision in Swint v. Chambers County Comm'n, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). But however much of it survives, no one supposes that it is beyond the power of Congress to alter. It is a judge-made doctrine of federal procedural law, not anything founded on the Constitution. By expressly denying immediate appealability to orders staying federal court proceedings pending arbitration, Congress may have precluded the application of the doctrine of pendent appellate jurisdiction to those orders. We cannot be certain of this. Congress legislated against a background that included the doctrine, and it may not have wanted to disturb it. But the doctrine is esoteric, and hardly likely to have been in the consciousness of the legislators, to whom we hesitate to impute omniscience. We therefore treat the issue as an open one (there is no case law or legislative history bearing on it) and resolve it by reference to the policies that underlie the statute and the doctrine.
 
 
 12
 If the doctrine of pendent appellate jurisdiction is applicable to cases in which a district court has ruled in favor of arbitration, the arbitration act's design of denying immediate appealability to such rulings in order to clear away all judicial roadblocks to arbitration would contain an exception not justified by exigent need. The considerations that support the doctrine of pendent appellate jurisdiction are merely ones of the convenience of the appellate court. They do not outweigh Congress's emphatically expressed support for facilitating arbitration in order to effectuate private ordering and lighten the caseload of the federal courts. We hold that section 16 precludes application of the doctrine of pendent appellate jurisdiction to refusals to stay arbitration. We therefore need not consider the continued validity of the doctrine in areas not blanketed by a detailed statutory regulation of interlocutory appellate jurisdiction, or decide whether, if the doctrine is valid in such areas, this case would be within it in the absence of that regulation.
 
 
 13
 Even though the insurance company had no basis for filing a cross-appeal, it could have argued the ground of the cross-appeal--that its dispute with the defendants is within the insurance exception to the arbitration provision of the NASD's rules--as an alternative ground for the district court's order refusing to stay its suits against the non-NASD members. It has not done so, however, so the ground goes out with the cross-appeal and we don't have to consider the scope of the insurance exception in the NASD's arbitration rules.
 
 
 14
 Our jurisdiction limited to the nonmember defendants' appeal, we turn at last to the merits of that appeal. In a suit "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court, upon determining that the issue involved in the suit is indeed referable to arbitration, shall upon application of a party stay the judicial proceeding. 9 U.S.C. § 3. The statute actually speaks of a stay of "the trial," but the parties rightly agree that pretrial proceedings are included as well, Corpman v. Prudential-Bache Securities, Inc., 907 F.2d 29, 31 (3d Cir.1990) (per curiam); Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648 (11th Cir.1988) (per curiam), other than preliminary injunction proceedings intended to preserve the status quo. The argument for a stay of the suits against the defendants that are not members of the NASD is that the substantive issues in those suits are identical to the issues in the suits against the member defendants, issues referable to arbitration under the NASD rules, which constitute an agreement between these parties. In fact the suits are materially identical, differing mainly in the names of the defendants. Therefore the issues in the former suits, the suits against the nonmembers, must also be referable to arbitration by virtue of the "any issue" language of section 3.
 
 
 15
 But the defendants have forgotten the words "under an agreement in writing for such arbitration." The issues in the suits against the nonmembers may be substantively identical to the issues in the other suits, but they are not referable to arbitration "under an agreement in writing for such arbitration," because there is no such agreement between these parties. The defendants do not argue in this court that because the two sets of defendants are affiliates, the nonmember defendants are entitled to invoke the agreement. Their affiliated status might or might not bind them to each other in a suit in which they were defendants, but a nonparty to a contract cannot enforce the contract (unless it is a third party beneficiary, which is not argued) merely because it is in privity with someone who is a party to it.
 
 
 16
 A test of substantive identity of issues, the test proposed by the defendants, would be ridiculous. There are many uniform contracts, especially in the insurance industry, where trade groups such as the Insurance Services Office draft standard contracts which are then adopted by hundreds of different insurance companies. Insurer A in California might have a dispute with Insured M over the meaning of a particular clause in a standard ISO contract, and Insurer B in New York might have a dispute with Insured N over the meaning of the same clause in the same contract; and let us assume that there is no affiliation between A and B or between M and N. Under the defendants' interpretation of section 3, if A and M have an arbitration clause in their contract and B and N do not, N is entitled to a stay of its suit with B, at least if A or M have demanded arbitration of their own dispute. Absurd.
 
 
 17
 Although not expressly so limited, section 3 assumes and the case law holds that the movant for a stay, in order to be entitled to a stay under the arbitration act, must be a party to the agreement to arbitrate, as must be the person sought to be stayed. Citrus Marketing Board v. J. Lauritzen A/S, 943 F.2d 220, 224-25 (2d Cir.1991); Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir.1964); In re Talbott Big Foot, Inc., 887 F.2d 611, 614 (5th Cir.1989); ATSA of California, Inc. v. Continental Ins. Co., 702 F.2d 172, 176 (9th Cir.1983). (Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir.1983), expresses only tentative disagreement.) The only purpose that we can ascribe to the word "issue" in section 3 is to enable litigation to be stayed pending arbitration even if only one of the issues in the litigation is subject to an agreement to arbitrate. The statute has no application to "issues" in cases between different parties. Parallel proceedings, one judicial, one arbitral, are governed instead, as cases such as Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., supra, 339 F.2d at 441, and Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 750 (2d Cir.1991), recognize, by the normal rules for parallel-proceeding abstention. Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936) (Cardozo, J.); Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 20 n. 23, 103 S.Ct. 927, 939 n. 23, 74 L.Ed.2d 765 (1983); Asset Allocation & Management Co. v. Western Employers Ins. Co., 892 F.2d 566, 572 (7th Cir.1989). It is always open to a party to ask the court to stay proceedings in his case pending decision in another case. Here the nonmember defendants were asking the district court to stay the case against them pending the resolution of the same issue in an arbitration between the same plaintiffs and defendants that are in privity with the defendants that are moving for the stay.
 
 
 18
 A judge asked to grant such a motion must make a discretionary judgment, and such a judgment can be challenged in an appeal as an abuse of discretion. The defendants neither pitched their motion on this ground nor appeal on the basis that the judge misapplied the principles of the parallel-proceeding abstention cases. They have staked their all on persuading us that section 3 of the arbitration act entitled them to a stay, regardless of the balance of conveniences and equities and so on. We think section 3 was irrelevant. So their appeal must fail--and for the additional reason that the denial of a stay pending arbitration is appealable only when the stay was sought "under section 3 of this title." 9 U.S.C. § 16(a)(1)(A). With the abolition of the Enelow-Ettelson doctrine by Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 279-88, 108 S.Ct. 1133, 1138-43, 99 L.Ed.2d 296 (1988), itself a parallel-proceeding case, any argument for the appealability of such a stay outside of section 16 evaporates. Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co., 84 F.3d 988, 991 (7th Cir.1996).
 
 
 19
 We acknowledge language in a number of cases, including our own, to the effect that, as we put it in Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp., 916 F.2d 402, 407 (7th Cir.1990), "a party to litigation involving issues subject to an arbitration agreement ... is entitled to a stay under section 3 of the FAA regardless of its status as a party to the arbitration agreement" (emphasis added). So saying, we relied on the Second Circuit's decision McCowan v. Sears, Roebuck & Co., 908 F.2d 1099, 1106-07 (2d Cir.1990). But the Second Circuit repudiated that decision in Citrus Marketing Board v. J. Lauritzen A/S, supra, 943 F.2d at 224--repudiated it not in so many words, but in practical effect, by reaffirming its decision in Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., supra, and noting that McCowan had not cited that case.
 
 
 20
 Mages and McCowan are cases in which a party to an arbitration agreement, trying to get around it, sues not only the other party to the agreement but some related party with which it has no arbitration agreement, in the hope that the claim against the other party will be adjudicated first and have preclusive effect in the arbitration. Such a maneuver should not be allowed to succeed, but it is blocked not by section 3, which is not addressed to the problem of parallel judicial/arbitral proceedings, but by the principles of parallel-proceeding abstention, which in the case just put would require the court to stay the proceedings before it and let the arbitration go forward unimpeded. We do not quarrel with the result in Mages, only with the attempt to ground it in section 3.
 
 
 21
 This is a detail, because, as we have said, an "evasion" case such as Mages or McCowan would be decided the same way without section 3, only under the doctrine of abstention applicable to parallel proceedings in judicial and arbitral fora. The nonmember defendants can we suppose renew their request for a stay on this ground--since the judge invited them to renew it after the preliminary injunction proceedings--though with what outcome we shall not attempt to predict.
 
 
 22
 We do not want to end this opinion without reminding the district judge of the need to expedite the preliminary injunction proceeding. It has been dragging on for twenty months. That is much too long. A request for a preliminary injunction is a request for prompt relief in an emergency, and the requester is entitled to a quick hearing and an early decision after the hearing is completed. The decision is overdue.
 
 
 23
 The appeal by SunAmerica, Inc. and Sun Life Insurance Company of America is dismissed, as is the cross-appeal. The judgment is affirmed.