PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

IN RE UNIVERSAL SERVICE FUND
TELEPHONE BILLING PRACTICE
LITIGATION,

        Plaintiff - Appellee,

    v.

SPRINT COMMUNICATIONS
COMPANY, L.P.; AT&T
CORPORATION,

        Defendants - Appellants,

HARRIS, WILTSHIRE & GRANNIS
LLP,

        Respondent - Appellee.

No. 04-3241

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 02-MD-1468-JWL)**

---

Mark D. Hinderks, Stinson Morrison Hecker LLP, Overland Park, Kansas for
Defendant - Appellant Sprint Communications Company, L.P.

Michael Doss (Mark S. Blocker with him on the briefs), Sidley Austin Brown &
Wood L.L.P., Chicago, Illinois for Defendant - Appellant AT&T Corp.

Marc M. Seltzer (David H. Orozco and Stephen E. Morrissey, Susman Godfrey
L.L.P., Los Angeles, California; Samuel D. Heins, Stacey L. Mills, Vincent J.
Esades, and Barbara J. Felt, Heins Mills & Olson, PLC, Minneapolis, Minnesota;

Barry C. Barnett and Shawn J. Rabin, Susman Godfrey L.L.P., Dallas, Texas; Marc R. Stanley, Roger L. Mandel, and Martin Woodward, Stanley Mandel & Iola, L.L.P., Dallas, Texas; and Isaac Diel, Bonner Springs, Kansas, with him on the brief) Susman Godfrey, L.L.P., Los Angeles, California for Plaintiffs - Appellees.

---

Before **EBEL** and **PORFILIO**, Circuit Judges, and **HERRERA**, District Judge.[*]

---

**PORFILIO**, Circuit Judge.

---

Appellants AT&T Corporation ("AT&T") and Sprint Communications Company, L.P. ("Sprint") (jointly "Defendants") seek reversal of an order of the district court denying their motion to compel arbitration and stay in this multi-district class action. Appellees ("Plaintiffs") have challenged our jurisdiction to hear this interlocutory appeal. We conclude the appeal does not comply with the interlocutory appeal provisions of the Federal Arbitration Act (FAA); therefore, we grant the motion to dismiss for lack of jurisdiction.

The underlying action is predicated upon a complaint which avers Defendants conspired with each other and MCI Worldcom Communications, Inc.

---

[*] The Honorable Judith C. Herrera, United States District Judge for the District of New Mexico, sitting by designation.

("MCI")[1] to violate provisions of the Federal Communications Act, 47 U.S.C. §§ 201 and 202; the Clayton Act, 15 U.S.C. §§ 15 and 26; and the Sherman Act, 15 U.S.C. § 1. This appeal, however, pertains only to the district court's denial of mandatory arbitration and a stay under the FAA. The district court concluded there was no legal basis for granting that relief. *In re Universal Service Fund Telephone Billing Practices Litigation,* 320 F. Supp. 2d 1135 (D. Kan. 2004). The Defendants urge us to review the merits of that holding.

Plaintiffs' complaint avers AT&T and Sprint conspired among themselves and with MCI to recover funds from the federal Universal Service Fund program. During the course of litigation, as provided by the terms of a written arbitration agreement, the district court compelled arbitration of the claims of plaintiff residential customers of MCI.[2] After passage of some time, Defendants moved to compel arbitration of the claims of MCI *business* customers and to stay the litigation pending the outcome of that arbitration. Even though Defendants had no arbitration agreements with those business customers, both asserted an equitable right to arbitration through equitable estoppel. Their claim was based on the assertion that because those business customers had agreed to arbitration with MCI, equity required Defendants be placed on an equal footing. The district

---

[1]     MCI is not a party to this appeal.

[2]  See *In re Universal Service Fund Telephone Billing Practices Litigation,* 300 F. Supp. 2d. 1107 (D. Kan. 2003).

court denied the motions on the specific ground of waiver, but additionally concluded it would not apply equity to enforce arbitration of the MCI business claims. *Id.*

Before proceeding to the merits of this appeal, our first responsibility is to determine whether we have jurisdiction to do so. "[J]urisdiction is a threshold question which an appellate court must resolve before addressing the merits of the matter before it." *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002), citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Ordinarily, federal courts only have appellate jurisdiction over "final decisions." 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); see also *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001).

Because the district court's order denying the motion to compel did not end the litigation on the merits, it was not a final decision. Therefore, as the basis for our jurisdiction, Defendants have relied upon 9 U.S.C. § 16(a)(1)(A) and (B), both of which grant interlocutory appeal in matters involving applications for mandatory arbitration and stays under the FAA.

Section 16(a)(1)(A) provides an appeal from an order "refusing a stay of any action under section 3" of the FAA. Section 3 creates the availability of a

stay of an action based upon "any issue referable to arbitration under *an agreement in writing for such arbitration*." (emphasis added). Section 16(a)(1)(B) permits an appeal from an order "denying a petition to order arbitration under section 4" of the FAA. Section 4, in turn, creates a right of action for "[a] party aggrieved by the alleged . . . refusal of another to arbitrate under a *written agreement*." 9 U.S.C. § 4 (emphasis added). Therefore, whether Defendants are appealing from the district court's denial of a stay or its refusal to compel arbitration, the plain language of the applicable jurisdictional statute mandates Defendants' prior reliance upon a *written agreement* to arbitrate as a condition precedent to our jurisdiction.

Citing that plain language, Plaintiffs have moved to dismiss the appeal because neither of the Defendants could have relied upon such written agreements because none exists. Therefore, they argue, Defendants cannot be "aggrieved" parties who have the right to an interlocutory appeal within the context of § 16(a). This court has not yet considered this precise issue.

However, in *DSMC Inc. v. Convera Corp*, 349 F. 3d 679 (D.C. Cir. 2003), ("*DSMC*"), the D.C. Circuit decided a virtually identical appeal. The court dismissed an interlocutory appeal in which the appellants sought review of orders denying a stay and compelling arbitration under 9 U.S.C. §§ 3 and 4. The appellants asserted jurisdiction by relying upon equitable estoppel as a substitute

-5-

for the statutory requirement of a written arbitration agreement. Focusing on the strict construction required of statutes which create interlocutory appeals and the elements of jurisdiction established in 9 U.S.C. § 16(a), the court held an appellant's prior reliance upon a written agreement to compel arbitration is a necessary predicate to an interlocutory appeal under the FAA. *Id*. at 683. Moreover, the court concluded a theory of equitable estoppel is incompatible with that jurisdictional requirement. *Id*. at 683-84.

Although the facts of *DSMC* are convoluted, we relate them because of the implications arising from their similarity to the facts of this case. The underlying action was instituted by DSMC Inc. claiming NGT Library ("NGTL") breached a contract between DSMC Inc. and NGTL by entering a subsequent contract with Convera Corporation. DSMC Inc.'s claim against NGTL was referred by the district court to arbitration under provisions of an arbitration clause in the contract in litigation.

DSMC Inc. then filed a parallel action against Convera on several grounds based upon the contract between NGTL and Convera. NGTL later filed a motion to intervene in that action for the purpose of seeking a stay of the suit pending the outcome of the DSMC Inc.-NGTL arbitration. NGTL contended because the arbitration and the action between DSMC Inc. and Convera contained the same

issues, the suit threatened the outcome of the arbitration, and NGTL was entitled therefore to a stay until arbitration was completed

Although it had no arbitration agreement with DSMC Inc, Convera then filed a motion to compel DSMC Inc. to arbitrate its claim against Convera. Convera theorized equitable estoppel and the federal policy favoring arbitration supported its motion.

Treating the arguments of the appellants separately, the court first disagreed with NGTL's contention the "identicality" of the issues in the parallel action and those in arbitration entitled NGTL to a § 3 stay despite the absence of arbitrable issues between DSMC Inc. and Convera. Assuming the validity of the identicality theory, the court held: "the litigation may not be stayed under Section 3 because the issues in the litigation are not 'referable' to arbitration under an agreement." 349 F.3d at 684 (citation omitted). The court continued, "NGTL *is* a signatory, to be sure, but its issues with DSMC. are already subject to arbitration. There is no arbitration agreement between DSMC and Convera, and so Section 3 does not apply in this case." *Id*. (emphasis in original). With that conclusion, the court dismissed NGTL's appeal. See also, *IDS Life Ins. Co. v. SunAmerica, Inc*., 103 F.3d 524, 530 (7th Cir. 1996).

Convera's attempt to appeal the order denying arbitration under 9 U.S.C. § 4 was subject to the same analysis. As the court explained, § 4 "applies only to 'an

alleged failure . . . to arbitrate under a written agreement for arbitration' –not an alleged failure to arbitrate when principles of equitable estoppel indicate that you should." 349 F.3d. at 383. Like the position advocated by Defendants here, Convera maintained the arbitration between DSMC Inc. and NGTL, which was required by a written arbitration agreement, related to issues in the pending suit, giving Convera an equitable right to arbitration under § 4. Again the court disagreed, stating, "Section 4 does not merely require that there be a written agreement somewhere in the picture. It requires that the motion to compel be based on an alleged failure to arbitrate *under* that written agreement." *Id.* (emphasis added).[3] We believe that analysis is sound.

Defendants attempt to avoid this reasoning and the result it portends by subscribing to a broad interpretation of 9 U.S.C. §16(1). They posit the general federal policy favoring arbitration does not permit such a "cramped reading of section 4 of the FAA." Indeed, they argue, "[s]ection 4 broadly provides standing to move to compel on [sic] any party 'aggrieved' by another's failure to arbitrate." They stoutly maintain they satisfy section 4's requirement of a "written agreement for arbitration" simply because "MCI's business customers entered into written

---

[3]  The court also noted the effort to compel arbitration by estoppel was an antithetical to § 4 because the doctrine of equitable estoppel applies only in the absence of a written agreement. *DSMC Inc. v. Convera Corp.,* 349 F.3d 679, 683 (D.C. Cir. 2003).

arbitration agreements with MCI." Thus, because of the conspiracy claims against Defendants and MCI, the latter's agreements "are encompassed within the broad arbitration provisions in these MCI small business agreements." Essentially, Defendants' position is that they are "aggrieved" within the meaning of 9 U.S.C. § 4 because they must be put to the expense of litigation rather than to simple resolution of the claims against them by the expedience of arbitration.[4]

Defendants maintain "[c]ourts have repeatedly accepted appellate jurisdiction where the district court had denied arbitration motions by litigants that were not signatories to the relevant arbitration agreement." They support this contention with a number of cases which simply are not apposite, however, because none of them rule upon the jurisdictional basis for their holdings. Indeed, none of them consider the issue before us. Defendants artfully seek to avoid this problem by arguing:

---

[4] Defendants have also suggested jurisdiction can be obtained through 28 U.S.C. § 1292(a)(1) which grants interlocutory jurisdiction over appeals from specific decisions involving injunctions. Indeed, this court has previously accepted this statute as permitting interlocutory appeal from the denial of an application to compel arbitration. See *Peterson v. Shearson/Am. Express, Inc.*, 849 F. 2d 464, 465 (10th Cir. 1988). However, that decision was reached prior to the enactment of 9 U.S.C. § 16 which uniquely addresses appeals from denials of motions to compel and stay arbitration. Because § 16 specifically deals with the subject of arbitration, it has superceded *Peterson* and makes § 1292(a)(1) inapposite to this case. See *DSMC*, 349 F.3d at 682; *McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1193 (8th Cir. 1997.

> That these decisions did not discuss the basis for their jurisdiction over the appeal does not lessen their import, as every court of appeals is obliged to evaluate and confirm its jurisdiction whether or not raised by either party.

While arguable, that contention is not persuasive because although Defendants' assumption is an apt statement of federal jurisprudence, it does not necessarily flow from the opinions of the courts. The only logical inference we can make is that the courts simply did not consider the matter of jurisdiction. As Judge Roberts observed in *DSMC*:

> We are also cognizant that jurisdictional rules should be, to the extent possible, clear, predictable, bright-line rules that can be applied to determine jurisdiction with a fair degree of certainty from the outset. Asking whether the parties are signatories to a written agreement to arbitrate satisfies these criteria. On the other hand, the application of equitable estoppel - if permitted in this context - requires a multifactor factual and legal inquiry to determine whether the issues to be litigated by the non-signatory are sufficiently intertwined with the issues subject to arbitration. That type of analysis, in turn, would require this court to delve deeply into the merits of a case before even deciding whether we had interlocutory appellate jurisdiction - an unattractive prospect.

*DSMC,* 349 F.3d at 683-84.

Defendants miss the point on another level as well. The issue in this appeal is not whether they have a right to compel arbitration, but whether they have a right to an interlocutory appeal from the denial of a motion seeking to compel arbitration. Given that statutes allowing interlocutory appeals should be narrowly construed, Defendants stand the scope of appellate jurisdiction on its head. See

-10-

*Perry Educ. Ass'n. v. Perry Local Educator's Ass'n.*, 460 U.S. 37, 43 (1983);

*Bombardier Corp. v. Nat'l R.R Passenger Corp.* 333 F.3d 250, 253 (D.C. Cir. 2003).

We also agree with the *DSMC* court that dismissing this appeal does not mean equitable estoppel cannot be employed to compel arbitration. Indeed, our holding is limited to whether Defendants can invoke interlocutory appellate jurisdiction to challenge the merits of the district court's order. In the absence of jurisdiction, any thoughts we might express on whether the doctrine of equitable estoppel can or should be recognized in the circumstances of this case would be without effect. Thus, on the merits of the district court's order, we express no opinion. Judgment **AFFIRMED**.