**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0577n.06
Filed: September 25, 2008

# United States Court of Appeals

**FOR THE SIXTH CIRCUIT**

——————

No. 07-6040

——————

| | |
|---|---|
| James Kimberlin, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Tennessee. |
| Renasant Bank, | * |
| | * |
| Defendant - Appellant. | * |

——————

——————

Before MARTIN, GRIFFIN, and JOHN R. GIBSON,[*] Circuit Judges.

——————

JOHN R. GIBSON, Circuit Judge.

James Kimberlin filed suit in the Circuit Court of Shelby County, Tennessee, alleging various causes of action arising out of his employment. Renasant Bank removed the action and filed a motion to compel arbitration and stay the case, asserting that Kimberlin should be forced to engage in arbitration because he agreed to do so in a Dual Employment Contract he signed. Kimberlin resisted, arguing that

———————————

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

Renasant Bank cannot force him to arbitrate because it was not a party to the contract. The magistrate judge denied Renasant Bank's motion and the district court affirmed the ruling. Renasant Bank appeals from the district court's order that affirmed the magistrate judge's order denying its motion to compel arbitration and stay the case.

Renasant Bank asserts on appeal that it is entitled to arbitration under the Contract on a theory of equitable estoppel. Kimberlin argues that the magistrate judge and the district court correctly denied Renasant Bank's motion. Moreover, Kimberlin urges dismissal of the appeal for lack of jurisdiction under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(B). Because this Circuit has recently adopted a jurisdictional rule that precludes an interlocutory appeal in the absence of a written agreement between the parties, we will DISMISS the appeal.

James Kimberlin was hired as an Investment Services Manager by The Peoples Bank & Trust Company in Tupelo, Mississippi. His offer letter described his main responsibilities as cultivating and servicing a book of business consisting of financial products offered by the Bank and serving as a coach and mentor. After he began work, he entered into a Dual Employment Contract for a Licensed Representative whereby he became an employee of both The Peoples Bank & Trust Company and The Peoples Insurance Agency, Inc. Under the contract he was licensed to market and sell products offered by The Peoples Insurance Agency, Inc. to customers of The Peoples Bank & Trust Company. However, The Peoples Bank & Trust Company was not a party to the contract, which was entered into only between Kimberlin and The Peoples Insurance Agency, Inc.

The Peoples Bank & Trust Company purchased Renasant Bank and changed the name of the entire bank to Renasant Bank. Kimberlin continued his employment under the same terms and conditions, and he remained under the supervision of the person who had hired him, Mr. Stacy Spearman. The Peoples Insurance Agency, Inc. changed its name to Renasant Insurance, Inc. Renasant Insurance, Inc. is a wholly-

-2-

owned subsidiary of Renasant Bank. We will refer to these entities as "Insurance" and "the Bank."

Kimberlin filed an action against the Bank in state court alleging violations of the Americans with Disabilities Act, the Tennessee Human Rights Act, the Family and Medical Leave Act, the Tennessee Public Protection Act, defamation, breach of contract, and breach of good faith and fair dealing. All of these claims arise out of a single set of operative facts concerning Kimberlin's employment and his suspension therefrom. The Bank removed the action and filed a motion to compel arbitration and stay the case, asserting that the arbitration provision in the Dual Employment Contract entered into between Kimberlin and The Peoples Insurance Agency required Kimberlin to arbitrate his claims against the Bank. The district court referred the matter to a magistrate judge who entered an order denying the Bank's motion. The district court affirmed, and the Bank brought this interlocutory appeal under 9 U.S.C. § 16.

Kimberlin argues that this court has no jurisdiction under 9 U.S.C. § 16 to entertain the Bank's appeal. The statute is a limited grant of jurisdiction which permits interlocutory appeal of an order denying a motion to compel arbitration under 9 U.S.C. § 4. Section 4 allows a party to petition a district court for an order to compel arbitration when another party allegedly fails, neglects, or refuses to arbitrate "under a written agreement for arbitration." As Kimberlin points out, the Dual Employment Contract (the written agreement the Bank relies upon) was between Kimberlin and The Peoples Insurance Agency, Inc. The Peoples Bank & Trust Company was not a party to the contract.

The posture of this case, therefore, is that a non-signatory to a written agreement for arbitration is attempting to compel a signatory to the agreement to submit his claims to arbitration. The non-signatory, the Bank, asserts that Kimberlin should be equitably estopped from opposing arbitration. The Bank relies upon

-3-

Javitch v. First Union Securities, Inc., 315 F.3d 619 (6th Cir. 2003), stating that this court has adopted a "two strand" approach whereby non-signatories can compel arbitration.[1]  While that is a generous reading of the Javitch holding, it is unnecessary to analyze the case's application because this court need not consider the equitable estoppel doctrine.  The panel decision in Carlisle v. Curtis, Mallet-Prevost, Colt & Mosle, LLP, 521 F.3d 597 (6th Cir. 2008), obviates such consideration.

The procedural posture of the parties in Carlisle matches that of Kimberlin, the Bank, and Insurance.  Carlisle considered the jurisdictional issue involved in this case as a matter of first impression.  The plaintiffs in Carlisle were signatories to written arbitration agreements with one of the defendants, Bricolage Capital LLC.  Bricolage sought a stay of the proceedings pending arbitration of the dispute, but soon thereafter Bricolage filed a bankruptcy petition and obtained an automatic stay.  The remaining defendants who were not parties to the arbitration agreements sought to step into Bricolage's shoes and compel arbitration on a theory of equitable estoppel.  The district court denied the motion on substantive grounds.

The defendants in Carlisle attempted to invoke this court's jurisdiction under Section 16 of the FAA.  In its decision, the panel considered opposing views of the Second Circuit on one hand and the District of Columbia and Tenth Circuits on the other and found the analysis of the latter two more persuasive.

> Section 4 [of the FAA] does not merely require that there be a written agreement somewhere in the picture . . . but that the motion to compel be based on an alleged failure to arbitrate under that written agreement.

---

[1]The first is when a signatory relies on the term of the written agreement in asserting its claims against a non-signatory.  The second is when the signatory raises allegations of substantially interdependent and concerted misconduct by the non-signatory and at least one signatory.  (Appellant's brief at 18, quoting 1 Thomas H. Oehmke, Commercial Arbitration § 11:1 (3d ed. 2007)).

Even assuming that the issues involved in the [underlying] litigation and the [plaintiff v. non-party] arbitration are identical, intertwined, closely related, whatever – a matter of hot dispute – the litigation may not be stayed under Section 3 because the issues in the litigation are not referable to arbitration under an agreement.

Carlisle, 521 F.3d at 601 (quoting DSMC Inc. v. Convera Corp., 349 F.3d 679, 683, 684 (D.C. Cir. 2003). Section 3 of the FAA addresses a motion to stay, while section 4 addresses a motion to compel arbitration. Denials of both are subject to interlocutory appeal under section 16,[2] and both require an agreement in writing.[3]

The Carlisle court continued to quote DSMC with approval.

[T]he [DSMC] court emphasized the need for jurisdictional rules that are, to the extent possible, clear, predictable, bright-line rules that can be applied to determine jurisdiction with a fair degree of certainty from the outset. Asking whether the parties are signatories to a written agreement to arbitrate satisfies these criteria, . . . while the application of equitable estoppel – if permitted in this context – requires a multifactor factual and legal inquiry to determine whether the issues to be litigated by the non-signatory and signatory are sufficiently intertwined with the issues subject to arbitration.

Id. (quoting DSMC at 683-84). The appeal was thus dismissed. Id. at 602. Because the Bank is not a signatory to the Dual Employment Contract entered into between

---

[2]9 U.S.C. § 16(a)(1) ("An appeal may be taken from an order (A) refusing a stay of any action under section 3 of this title, (B) denying a petition under section 4 of this title to order arbitration to proceed . . .").

[3]9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, . . ."); 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . .").

Kimberlin and The Peoples Insurance Agency, we likewise have no jurisdiction to consider the Bank's appeal from the denial of its motion to compel Kimberlin to submit his claims against the Bank pursuant to the arbitration provision in the Contract.

The appeal is DISMISSED.